UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMTRUST NORTH AMERICA, INC., et al., | No. 2:16-mc-0145 KJM AC |
| Plaintiffs, | |
| v. | ORDER |
| SAFEBUILT INSURANCE SERVICES, INC., et al., | |
| Defendants. | |

This is a Miscellaneous Case involving a deposition subpoena (ECF No. 6-2) issued out of the Southern District of New York on behalf of defendants Safebuilt Insurance Services, Inc., et al. ("defendants" or "Safebuilt"), and directed to non-party Jeff Hohlbein. The underlying case is AmTrust North America, Inc. v. Safebuilt Ins. Svcs., Inc., 1:14-CV-9494 CM JLC (S.D.N.Y.). Hohlbein moves to quash the deposition subpoena, and Safebuilt moves to hold Hohlbein in contempt for failing to appear at the deposition. ECF Nos. 6 ("Quash Joint Statement"), 8 ("Contempt Joint Statement"). For the reasons set forth below, the court will grant the motion to quash and deny the motion for contempt.

I.  THE MOTION TO QUASH

A. Quashing Subpoenas

The court must quash a subpoena that subjects a person to "undue burden," among other

1

1  reasons. Fed. R. Civ. P. ("Rule") 45(d)(3)(A)(iii). However, it appears that more generally, the court can quash the subpoena if it is invalid or procedurally defective. See CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), 713 F.2d 494, 496 (9th Cir. 1983) (affirming district court's order to quash subpoena for failure to tender fees). CF & I Steel was decided long before the 1991 amendments to the rules that added the specific grounds for quashing subpoenas. However, those amendments do not "diminish" the rights of witnesses. Rather, the notes to the amendments indicate that they further protect witnesses. Therefore, even though "invalidity" and "procedural defect" are not listed as grounds for quashing subpoenas, they are still valid grounds for doing so.

Hohlbein argues that the subpoena should be quashed because it is facially defective by not specifying a place for compliance, and by compelling a deposition to be taken after the close of discovery.

B. Background

On August 8, 2016, Safebuilt served a subpoena on nonparty Jeff Hohlbein, directing him to appear for a deposition on August 17, 2016 at "a location to be agreed upon," near Rocklin, CA.[1] ECF No. 6-2 (Exh. A of the Quash Joint Statement). On August 10, 2016, Hohlbein objected to the deposition by letter. ECF No. 6-16 (Exh. O). Hohlbein asserted that the subpoena "is defective and fails to mandate attendance on its face," because, among other reasons, (1) it is barred by the court's discovery order, which "speaks for itself," and (2) it fails to specify a place for compliance. Id. The discovery order Hohlbein refers to imposed a discovery deadline of August 8, 2016. See ECF No. 6-15 (Exh. N).[2] Hohlbein demanded that Safebuilt withdraw the subpoena, and advised it that he would not appear for the deposition. Id.

On August 10, 2016, Safebuilt responded to Hohlbein's objections by (1) "advising"

---

[1] The Joint Statement refers to Hohlbein as a "third party." There are third-parties in this case, but Hohlbein is not one of them.
[2] Hohlbein refers to the court's endorsement of a "June 29, 2016" letter, but that appears to be a scrivener's error for the June 30, 2016 letter, which the court "endorsed" on July 5, 2016. See ECF No. 6-15 (Exh. N). The letter is written in a bit of a code. It is actually arguing that the discovery cutoff of July 7, 2016 – imposed by 1:14-cv-9494, ECF No. 211, a document not included in the exhibits – is the governing deadline, and was only extended to August 8, 2016 for certain discovery not related to the Hohlbein deposition. It does not matter whether the court uses July 7th or August 8th as the discovery deadline, because the deposition was scheduled for August 17, 2016, which is beyond either cutoff date.

1  Hohlbein's counsel that it was "replacing the date of Mr. Hohlbein's deposition on the subpoena
2  with 'August 29, 2016,'" and (2) providing a specific address for compliance, in Sacramento.
3  ECF No. 6-17 (Exh. P).  Accordingly, the deposition was re-scheduled for August 29, 2016, at a
4  specific address.  On August 19, 2016, ten days before the re-scheduled deposition return date,
5  Hohlbein filed this Motion To Quash the subpoena.  ECF No. 1.

      C.  Timeliness

7  Safebuilt argues that the Motion To Quash is untimely, since it was filed after the original
8  return date.  See Estate of Ungar v. Palestinian Auth., 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006)
9  ("[i]t is well settled that, to be timely, a motion to quash a subpoena must be made prior to the
10 return date of the subpoena"); see also, Moore's Federal Practice, Civil § 45.50[1] & n.3
11 (collecting cases).  This argument relies upon Safebuilt's assertion that the original deposition
12 date was the date to be used in determining Hohlbein's timeliness.  However, as noted above,
13 Safebuilt re-scheduled the deposition for August 29, 2016, and the August 17, 2019 Motion To
14 Quash timely was filed well in advance of that new return date.

15 Safebuilt argues in its papers and at oral argument, that it did not formally amend the
16 subpoena, but only "offered" to re-schedule it.  Quash Joint Statement (ECF No. 6) at 22.  The
17 evidence before the court however, shows that there was no "offer," but rather Safebuilt did in
18 fact constructively "amend" the subpoena to extend the date of compliance.  On August 10, 2016,
19 Safebuilt wrote: "However, to the extent the witness insists on challenging the subpoena on this
20 basis, *please be advised that we are replacing the date* of Mr. Hohlbein's deposition *on the*
21 *subpoena* with 'August 29, 2016.'"  ECF No. 6-17 (Exh. P) at 3 (emphases added).  That is not an
22 offer to change the date; that is a statement that the date has been changed.

23 Safebuilt further argues that Hohlbein rejected the "offer" to move the date.  Quash Joint
24 Statement at 22.  That is not correct, either.  Hohlbein's response to Safebuilt's August 10, 2016
25 letter is this: "Absent Mr. Hohlbein's consent, a party may not correct a defective subpoena by
26 letter."  ECF No. 6-18 (Exh. Q) at 2-3.  This is not a "rejection" of the new deposition date, it is a
27 statement that the subpoena is still defective.  Indeed, Hohlbein does not even mention the
28 amending of the deposition date on the allegedly still-defective subpoena.

1  Even if the August 17, 2016 date governed, the court would excuse Hohlbein's filing of
2  his motion to quash on August 19, 2016.  After being served with the subpoena, Hohlbein
3  immediately (within 2 days) notified Safebuilt by letter that the subpoena was defective,
4  specifically noting that it was issued in violation of the S.D.N.Y. court's discovery deadline of
5  August 8, 2016 (see below), and asking that it be withdrawn.  See ECF No. 6-16 (Exh. O) at 2.
6  Once defendants "advised" Hohlbein that they had amended the subpoena's return date to August
7  29, 2106 – even if their method of doing so was defective or was rejected – it would be unjust to
8  consider the earlier date to still be in effect in determining whether the motion was timely.
9  Safebuilt will not be permitted to "advise" Hohlbein that it had "amended" the subpoena's return
10 date to August 29, 2016, and then surprise him in court with an assertion that the deposition date
11 was never moved.

12 The untimeliness argument is rejected.

13 D.  The Subpoena Violates the S.D.N.Y. Court's Discovery Order

14 Hohlbein argues that the subpoena is defective because it violates the court's order
15 imposing a discovery deadline of August 8, 2016.  As noted above, on July 5, 2016, the court did
16 impose a discovery deadline of August 8, 2016.  See ECF No. 6-15 (Exh. N).  This deadline was
17 in effect when defendants obtained the subpoena, on July 27, 2016.[3]

18 Defendants do not dispute that the subpoena was subject to the discovery deadline.  It
19 therefore appears that defendants should never have obtained the subpoena from the Clerk of the
20 Court.  The court notes that on August 29, 2016, the magistrate judge presiding over discovery in
21 the main case made clear that such discovery was untimely and would be denied:

22 > Fact discovery in this case, after multiple extensions, concluded on
23 > August 8, 2016.  The additional discovery between June 30 and
> August 8 was characterized as "clean up" discovery when the
> extension request was presented to Chief Judge McMahon, and she

---

[3] The fact discovery deadline was initially set for November 20, 2015.  AmTrust North America, Inc. v. Safebuilt Ints. Svcs., Inc., 1:14-cv-9494, ECF No. 42 (S.D.N.Y. April 10, 2015).  The deadline was then extended to February 1, 2016.  Id. at [Minute Entry] (September 24, 2015).  It was then extended to April 11, 2016.  Id. at ECF No. 185 (January 12, 2016).  It was then extended to May 23, 2016.  Id. at ECF No. 200 (March 24, 2016).  Defendants then requested an extension to July 7, 2016.  However, Judge McMahon gave them a "60 day extension," which brought the deadline to July 22, 2016.

> granted it. Docket Nos. 225, 227. The relief sought related to the Poppish and Murphy testimony is accordingly untimely. Defendants' explanation for the delay is unpersuasive as it relates to the relief sought in this particular application. Docket No. 234. If these matters were of any significance, Defendants had, at worst, from July 22 to August 8 to submit a letter-motion to the Court but did not do so (and Defendants could have presented any issues related to the Murphy deposition, which was taken in February, months earlier). The fact that "there were many other 'clean up' disputes brewing at the time," Docket No. 234 at 2, is no excuse.

ECF No. 6-20 (Exh. S) at 4-5; see also, AmTrust, 1:14-cv-9494, ECF No. 233 (S.D.N.Y. August 19, 2016) (Cott, M.J.) ("[d]iscovery in this case has been extended multiple times, and deadlines must have some meaning").

Therefore, the district judge's discovery deadline as well as the magistrate judge's interpretation of that deadline, make clear that depositions may not be taken after August 8, 2016. However, instead of seeking an extension of that deadline, Safebuilt obtained and served a deposition subpoena that plainly called for compliance after the deadline. Safebuilt's failure to seek an extension is particularly puzzling given that it knew that such extensions were necessary in order to conduct discovery past the then-existing deadline. See, e.g., AmTrust, 1:14-cv-9494, ECF No. 185 (S.D.N.Y. January 12, 2016) (joint application for extension of discovery deadline); id. at ECF No. 200 (March 24, 2016) (same).

The motion to quash will be granted.[4]

E. Protective Order

Hohlbein further moves for a protective order under Rule 26(c)(1). Such an order will issue to protect Hohlbein from attempts to compel discovery from him after the discovery deadline. It is undisputed that this is the third subpoena for Hohlbein's testimony defendants

---

[4] Hohlbein also argues that the subpoena is defective for failing to specify a place of compliance. This is a defect in the subpoena. See Fed. R. Civ. P. ("Rule") 45(a)(1)(A)(iii) (subpoena must specify a "time and place" for compliance). However, Safebuilt amended the subpoena by letter, specifying a place for compliance in Sacramento. Neither side cites any authority for whether the subpoena can be amended in this way. If the amendment was proper, then this is not an independent basis for quashing the subpoena. If the amendment was improper – as Safebuilt itself argues in connection with the return date – then the subpoena should be quashed for this defect as well. It is not necessary to resolve this issue, because the subpoena is being quashed for the reasons set forth in the text.

have served on him.  Defendants never moved to enforce the first two, and did not move to enforce this one until after Hohlbein had moved to quash it.  Hohlbein is entitled to an order protecting him against future subpoenas (unless of course the court in the main case extends the discovery deadline).

### F. Attorney's Fees

Hohlbein requests attorney's fees for bringing this motion.  Rules 26(c)(3) and 37(a)(5) mandate that the court award fees when such a motion is granted.  Hohlbein asks for $2,746.00 in attorney's fees and costs.  ECF No. 6-1.  The request is supported by a declaration from Jessica A. Thompson, Esq., who says she spent 12 hours on this matter at $225.00 per hour, plus a $46 filing fee.  Id.  Hohlbein says the fees will be higher if the attorneys have to appear for a hearing.  Id.

Fees will accordingly be awarded, and Hohlbein will have 30 days to submit a supplemental fee request to cover the hearing on the motion.

## II. SAFEBUILT'S MOTION FOR CONTEMPT

On September 2, 2016, Safebuilt filed a motion for an order to show cause why Hohlbein should not be held in contempt for failing to attend the deposition, under Rule 45(g).  ECF No. 3.  The undersigned can only certify the facts of contempt in a situation like this.  28 U.S.C. § 636(e)(6)(B)(iii).  The motion will therefore be construed to be a request for certification of the facts of contempt to the district judge.  However viewed, the motion will be denied.

The premise of Safebuilt's contempt motion is that Hohlbein failed "to comply with a duly issued and properly served subpoena without adequate excuse."  ECF No. 8 at 4.  However, as discussed above, Hohlbein did not fail to comply with the subpoena.  He first objected to the subpoena by letter, properly pointing out its procedural defects, namely, that discovery was closed,[5] and that there was no place for attendance specified on the subpoena.[6]  ECF No. 6-16

---

[5] This court has no opinion on any voluntary discovery Safebuilt may conduct outside the discovery deadline.  However, this court will not *enforce* Safebuilt's attempt to conduct discovery after the presiding district judge and the magistrate judge dealing with discovery matters have both made clear that discovery is over.

[6] The court notes that if it were to accept the argument Safebuilt made in opposition to the motion to quash – namely, that Hohlbein rejected defendants' "offer" to amend the deposition

6

(Exh. O). Hohlbein also advised Safebuilt that he would not appear. Id. Then Hohlbein timely filed a motion to quash the subpoena 10 days before the re-scheduled deposition date. ECF No. 1. In short, Hohlbein did what he was legally required to do to respond to the subpoena.

There is no contempt here, and the motion will accordingly be denied.

### III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Hohlbein's Motion To Quash (ECF No. 1), is GRANTED.

2. Holbein is awarded $2,746.00 in attorney's fees and costs incurred in bringing the Motion To Quash. Defendants shall pay Hohlbein this amount within 30 days of the date of this order. Hohlbein has 30 days from the date of this order to file a supplemental request for fees to cover the expenses of the hearing.

3. Safebuilt's motion to hold Hohlbein in contempt (ECF No. 3) is DENIED.

DATED: September 28, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

date, and therefore the subpoena was not actually amended – it would have to find that the subpoena's previously noted failure to provide "a specified time *and place*" for compliance was also never amended or corrected. See Rule 45(a)(1)(A)(iii) (emphasis added). In that case, the subpoena was procedurally defective, and could not support defendants' motion for contempt. Safebuilt offer no explanation for why Hohlbein's "rejection" of its "offer" applied only to its statement that the subpoena was being amended to move the deposition date, but not to its statement that the subpoena was being amended to designate a specific place for compliance.